### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **E.N.,** | : | |
| | : | |
| **Plaintiff,** | : | Civil No. 1:09-CV-1727 |
| | : | |
| v. | : | **(Judge Conner)** |
| | : | |
| **SUSQUEHANNA TOWNSHIP** | : | **(Magistrate Judge Carlson)** |
| **SCHOOL DISTRICT, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM OPINION

**I.   INTRODUCTION**

Now pending before the Court in the above-captioned action is Plaintiff's motion to compel Defendants to produce a report, including notes and test results, from the medical professional who conducted an independent psychological examination of Plaintiff pursuant to Rule 35 of the Federal Rules of Civil Procedure. (Doc. 115.) Defendants have refused to produce the requested materials, arguing variously that: Plaintiff's request is untimely because it was made outside of the discovery period; the psychological evaluation was not performed pursuant to Court order, and therefore Rule 35 does not apply; Rule 26(b)(4)(D) of the Federal Rules of Civil Procedure operates to protect the materials from disclosure; and that regardless of whether the examination was conducted pursuant to Rule 35, the

examining physician did not prepare a final report, and, therefore, there is no report is available to be produced.

Upon consideration, we find Defendants' arguments unpersuasive. As an initial matter, we discount Defendants' contention that Plaintiff's discovery request is untimely for having been made outside of the discovery period. We reject this argument for the simple reason that the independent examination was not even completed until after the discovery period had concluded. Furthermore, we find that Defendants err with respect to their assertion that the independent psychological examination was not conducted pursuant to a Court order, as the record in this case contains an order from January 7, 2011, compelling Plaintiff to submit to such follow-up tests so that the expert could complete his examination. (Doc. 73.)

However, and more substantively, even if the examination had been conducted purely pursuant to an agreement of the parties, Rule 35(b) expressly authorizes a voluntarily examined party to obtain a copy of a report from the examining expert. See Fed. R. Civ. P. 35(b)(6). Because Rule 35(b) operates as an exception to Rule 26(b)(4)(D)'s general prohibition against discovery of facts known or opinions held by an expert who has been retained to assist counsel and who is not expected to be called as a witness at trial, we also reject Defendants' assertion that Rule 26(b)(4)(D) somehow precludes the discovery Plaintiff seeks in this case. Finally, although we

acknowledge the fact that Defendants' expert apparently did not prepare a "final" report following his examination of Plaintiff, Defendants have represented that Dr. Buzogany has prepared what they refer to as a "draft" report. (Doc. 122, Ex. O.) Because we find that Plaintiff's discovery request is governed by Rule 35(b), and because Defendants have represented that Dr. Buzogany has prepared and provided to Defendants a "draft" report following his examination of E.N. over multiple days, we will grant Plaintiff's motion to compel, and we will direct Defendants to cause the independent examiner to furnish his "draft" report to Plaintiff. Additionally, to the extent that Dr. Buzogany amends his "draft" report, or prepares what Defendants deem to be a "final" report, we will require that such amended or finalized report be produced to Plaintiff without delay.[1]

## II.  BACKGROUND

The Plaintiff in this case, E.N., was a student at Susquehanna Township High School from 2004 through 2008. E.N. contends that during the spring of 2006, while she was taking driving lessons with James Frank, the school district's driver-

---

[1] We agree with Defendants that nothing in Rule 35(b) provides that the examining party should be compelled to produce notes and raw test data developed in connection with a mental or physical examination. For this reason, and because we will direct Defendants to produce the examiner's report that was prepared following his examination of E.N., we will not direct Defendants to produce the examiner's notes and test data.

education instructor, Mr. Frank harassed and sexually assaulted her. E.N. has sued the school district and a number of individuals, including James Frank, for violations of her constitutional rights and her rights under Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681 et seq. Plaintiff has also brought claims for alleged violations of Pennsylvania state law for intentional infliction of emotional distress and for assault and battery, and for alleged violations of the Pennsylvania Constitution.

On or about January 5, 2011, pursuant to an agreement of the parties, Plaintiff was subjected to an independent medical examination by Dr. Joseph A. Buzogany, M.D., the Director of Wellspan Behavioral Health Forensic Services Program. Because Dr. Buzogany indicated a need to subject Plaintiff to a number of additional tests as part of his examination, on January 7, 2011, the District Court entered an order that, *inter alia*, directed Plaintiff to "make herself available for the conclusion of her independent psychological examination, to be scheduled at her convenience." (Doc. 73.) Following entry of this order, Plaintiff appeared for additional psychological testing on January 17, 2011, and again on April 12, 2011. (Doc. 122, Ex. J.) On that day, Plaintiff's counsel formally requested that Defendants preserve all material relating to Dr. Buzogany's examination. (Doc. 122, Ex. K.) In accordance with a case management order in this case, Defendants were to produce

expert reports, if any, by May 6, 2011. (Doc. 82.) Defendants did not produce an expert report from Dr. Buzogany by this day, and on May 9, 2011, Defendants advised Plaintiff that no report or expert testimony would be forthcoming.

On May 10, 2011, Plaintiff's counsel acknowledged that Defendants would not be producing expert reports, but at the same time requested the notes, tests, and any reports prepared by Dr. Buzogany following his examination of E.N. (Doc. 122, Ex. L.) On May 11, 2011, Defendants' counsel responded by observing that the discovery period had already closed, and asserting that the discovery of such information was not authorized under Rule 35 of the Federal Rules of Civil Procedure. (Doc. 122, Ex. M.) On May 17, 2011, Plaintiff's counsel requested a telephone conference with the Court to resolve a dispute that had arisen with respect to Plaintiff's request for Dr. Buzogany's notes, report, and testing results. (Doc. 122, Ex. N.) According to Defendants' counsel, Dr. Buzogany has not produced a "final" report, although he has prepared what they characterize as a "draft" report. (Doc. 122, Ex. O.)

Following a telephone conference, the District Court referred the matter to the undersigned for resolution. This Court held a telephone conference with the parties on June 1, 2011, after which the Court directed the parties to submit briefs outlining their competing views with respect to the requested discovery. (Doc. 114.) On June

3, 2011, Plaintiff filed a motion seeking to compel Defendants to produce Dr. Buzogany's reports, notes, and testing results, together with a brief in support of the motion. (Docs. 115, 116.) Defendants filed a brief in opposition to the motion on June 20, 2011. (Doc. 122.) Plaintiff replied on June 24, 2011. (Doc. 123.)

### III. DISCUSSION

Plaintiff has requested that the Court compel Defendants to produce to her a copy of Dr. Buzogany's report, together with any notes and testing results obtained in connection with her independent psychological examination. As support for this request, Plaintiff asserts that she has an absolute right to these materials under Rule 35(b)(1), which provides, in relevant party, that "[t]he party who moved for the [mental or physical] examination must, on request, deliver to the requester a copy of the examiner's report, together with like reports of all earlier examinations of the same condition." Fed. R. Civ. P. 35(b)(1). In response to Plaintiff's request for Dr. Buzogany's report, Defendants argue that such materials are protected from discovery by Rule 26(b)(4)(D), and argue further that Rule 35(b) has no application to the current discovery dispute. Defendants err on both counts.

Rule 26(b)(4)(D) of the Federal Rules of Civil Procedure provides as follows:

> (D) Expert Employed Only for Trial Preparation. Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by

> an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only:
>
> (I) *as provided in Rule 35(b)*; or
>
> (ii) on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

Fed. R. Civ. P. 26(b)(4)(D) (emphasis added).

Defendants argue that because Dr. Buzogany is now not expected to testify at trial – a decision apparently reached after Dr. Buzogany subjected E.N. to a series of psychological tests over multiple days – he should be considered an expert employed only for trial preparation, and any facts known or opinions held by him following such examination should be protected from disclosure under Rule 26(b)(4)(D).

Although Rule 26(b)(4)(D) clearly provides that it is subject to Rule 35(b), Defendants urge the Court to find that Rule 35(b) has no application in this case, on the grounds that Rule 35(b) is triggered only if the party seeking the examination obtains a court order compelling such examination. In this case, Defendants contend that the parties initially agreed to have E.N. subjected to an independent psychological examination, although it is clear that the District Court subsequently entered an order compelling E.N. to avail herself for further testing so that Dr.

Buzogany could complete his independent examination. Defendants thus seem to be arguing that if a plaintiff voluntarily agrees to produce herself for a psychological examination, she somehow forfeits any rights she would have under Rule 35(b) to obtain a report from the independent medical expert who conducted the examination.

In making this argument, Defendants appear to have overlooked the fact that by its express terms, Rule 35(b) "applies also to an examination made by the parties' agreement, unless the agreement states otherwise." Fed. R. Civ. P. 35(b)(6).[2] As a leading treatise explains:

> The obligation to furnish reports is designed to operate extrajudicially, as Rule 35(b)(6) provides that obligation to furnish reports applies to examinations by agreement of the parties, unless the agreement expressly provides otherwise, as well as examinations ordered by the court. As one court has noted, this provision recognizes the coercive power of Rule 35(a) in that examinations often take place by agreement because the party to be examined understands that the opposing party can obtain an order for the examination.

Moore's Federal Practice 3d, Volume 7, § 35.12[2] (citing <u>Salvatore v. American Cyanamid Co.</u>, 94 F.R.D. 156, 158 (D.R.I. 1982)). Thus, whether E.N.'s examination in this case was conducted entirely by agreement of the parties, or whether it was

---

[2] Neither party has advised the Court that the parties' agreement to have E.N. appear for an independent psychological examination provided that E.N. would relinquish her right to request a copy of the examiner's report.

compelled by court order, Rule 35(b) applies and affords Plaintiff a right to obtain a copy of a report from Dr. Buzogany that reflects the results of his examination.[3]

However, even if Plaintiff has a right to obtain a report that Dr. Buzogany prepared following his examination, Defendants maintain that Dr. Buzogany has not prepared a final report and, thus, there is nothing available to be produced. (Doc. 122, Ex. O.) In this regard, Defendants observe that the text of Rule 35 appears to require only that the examining party provide reports to the examined party, and does not extend to notes and testing results that may have been obtained in connection with the examination. Furthermore, Defendants note that Rule 35(b)(5) provides that if the examining party refuses to produce a report, the court is authorized to exclude the examiner from testifying at trial. Defendants suggest that the Court should limit any ruling in this case to precluding Dr. Buzogany from testifying in this case.

---

[3] Given Rule 35(b)'s scope, we need not resolve whether E.N.'s examination was voluntary or compelled. We note only that although the parties appear to have initially entered into E.N.'s examination voluntarily, the District Court subsequently found it appropriate or necessary to enter an order compelling E.N. to make herself available so that Dr. Buzogany could conduct additional tests in order to finish his examination. (Doc. 73.) In consideration of this order, it is somewhat difficult to credit Defendants' position that E.N.'s examination was conducted entirely pursuant to an agreement of the parties. However, regardless of whether or not Defendants are correct factually, they are incorrect as a legal matter regarding the scope of Rule 35(b), which applies whether or not the examination was performed by agreement, unless the agreement stated otherwise.

The difficulty with Defendants' suggested approach is that they have already decided that Dr. Buzogany will not be called to testify at trial. Thus, the sanction available under Rule 35(b)(5) is no sanction at all – it is merely the course that Defendants have already chosen to follow in this case. One leading commentator has stated that Rule 35(b) "does not limit the court to exclusion of testimony as the only remedy." Moore's Federal Practice 3d, Volume 7, § 35.12[4]. At least one other district court, confronted with a similar situation, concluded that in this available sanction may in some cases be ineffective, as it would permit a party to invade its opponent's privacy by subjecting her to an invasive examination, and then simply decline to produce the results of this examination if the party later concludes that such testimony is either unhelpful or harmful to that party's case. See Salvatore v. American Cyanamid Co., 94 F.R.D. 156, 158 (D.R.I. 1982) (finding no indication that the examining physician had refused to prepare a report, the court directed that a report be produced at the examined party's expense).

As in Salvatore, Defendants in this case have not suggested that Dr. Buzogany has refused to prepare a report. To the contrary, Defendants have represented that they "have only received a draft report from Dr. Joseph A. Buzogany, M.D. of Wellspan Behavioral Health based upon Plaintiff's examination and testing on January 5, January 17, and April 12, 2011 and have not received a final report."

(Doc. 122, Ex. O.) Thus, unlike in Salvatore, in this case Defendants have indicated that they do, in fact, have a report from Dr. Buzogany – although they have characterized it as merely a “draft”. It is unclear whether a “final” copy of the report will be prepared. However, we find no basis to conclude that Defendants can control whether a report must be produced under Rule 35(b) by declaring that the report that has already been prepared is a mere “draft” or by asserting that the expert who examined E.N. is now not expected to testify at trial, and Defendants have not provided persuasive legal authority for this argument.

In summary, we find that: Plaintiff’s request for a copy of Dr. Buzogany’s report falls squarely within Rule 35(b), and that Rule 35(b) requires Defendants to make Dr. Buzogany’s report available to Plaintiff; that Plaintiff’s request for the report was timely made following the conclusion of Dr. Buzogany’s examination of E.N.; and that the Court is not limited merely to excluding Dr. Buzogany from testifying at trial in the event Defendants refuse to furnish Plaintiff with a copy of Dr. Buzogany’s report.[4] Defendants have represented that Dr. Buzogany has, in fact, prepared a report, albeit something that Defendants characterize as a draft. Upon

[4] Because Defendants have not yet had an opportunity to comply with the Court’s order directing that they produce Dr. Buzogany’s report to Plaintiff, the Court will not address what potential sanctions may be appropriate in the event Defendants decline to furnish Dr. Buzogany’s report to Plaintiff.

consideration, we conclude that Plaintiff is entitled to receive a copy of this draft report, and to receive a copy of any final report if Dr. Buzogany subsequently amends his draft report.

## IV. ORDER

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED THAT Plaintiff's motion to compel discovery pursuant to Rule 35(b) (Doc. 115) is GRANTED. Within seven days from the date of this order, Defendants shall produce a copy of Dr. Buzogany's draft report to Plaintiff.

IT IS FURTHER ORDERED THAT to the extent Dr. Buzogany amends his draft report or prepares what Defendants deem to be a final report, Defendants shall promptly produce such amended or finalized report to Plaintiff without delay.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

Dated: June 29, 2011