# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

E.N.,                                          :
                                               :
     Plaintiff,                           :          Civil No. 1:09-CV-1727
                                               :
     v.                                   :          (Judge Conner)
                                               :
SUSQUEHANNA TOWNSHIP                           :          (Magistrate Judge Carlson)
SCHOOL DISTRICT, et al.,                       :
                                               :
     Defendants,                          :

## MEMORANDUM  OPINION

## I.    Statement of Facts and of the Case

The plaintiff in this case, E.N., was a student at Susquehanna Township High School from 2004 through 2008.  E.N. contends that during the spring of 2006, while she was taking driving lessons with James Frank, the school district's driver-education instructor, Mr. Frank harassed and sexually assaulted her. Frank was criminally charged for this conduct, tried and acquitted. Following this acquittal, on September 4, 2009, E.N. commenced this lawsuit by filing a complaint in federal court against the school district and a number of individuals, including James Frank, for violations of her constitutional rights and her rights under Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681 et seq.  (Id.) Plaintiff also

brought claims for alleged violations of Pennsylvania state law for intentional infliction of emotional distress and for assault and battery, and for alleged violations of the Pennsylvania Constitution. (Id.)

Discovery then commenced into these allegations. In the course of this discovery E.N. identified instances of alleged spoliation of evidence. These alleged episodes of spoliation involve what are described as failures over a span of years by school officials to retain notes and other documents relating to disciplinary and counseling episodes by school administrators with Frank. All of these episodes pre-date the filing of this lawsuit, and many pre-dated the initiation of criminal proceedings against Frank arising out of the matters alleged in the lawsuit. In addition, discovery revealed another spoliation concern for E.N. Specifically, E.N. learned that sometime after May 2006, the school district changed its computer system. As a result of this computer system upgrade E.N. has expressed a concern that electronically stored evidence may have also been lost.

E.N. initially raised this concern with the district court in a motion *in limine* filed with Judge Conner on May 9, 2011. (Doc. 108.) On May 11, 2011, Judge Conner addressed this motion *in limine*, entering an order directing that "Briefing on the motion *in limine* (Docs. 108) is SUSPENDED pending further notice." (Doc.

109.) Judge Conner then referred other discovery matters to the undersigned for resolution. (Doc. 110.)

Undeterred by Judge Conner's clear statement that he was suspending consideration of this motion *in limine*, the plaintiff has now renewed this motion before this Court, urging us to rule on evidentiary matters that Judge Conner has deferred, and inviting us to prescribe what evidence and inferences may be drawn in a case that will be presided over by another judge. (Doc. 118.) This matter has been fully briefed by the parties, (Docs. 118, 130, and 133), and is now ripe for resolution.

For the reasons set forth below, we will decline the plaintiff's invitation to rule on a matter that has been expressly deferred by the district court.

## II.   Discussion

While we do not in any way minimize the importance of this issue to the parties, we begin by noting that the judge assigned this case, Judge Conner, has made an informed decision to suspend briefing on this issue at present, a decision which reflects a judgment that these evidentiary questions should be addressed only after the pending summary judgment motion is resolved. Thus, at bottom, the parties invite us to speak on an issue in Judge Conner's case, where Judge Conner has decided, at present, to defer speaking. We believe that the law of the case doctrine cautions against this course of action. "Under the law of the case doctrine, once an issue is

decided, it will not be relitigated in the same case, except in unusual circumstances.

. . . . The purpose of this doctrine is to promote the 'judicial system's interest in

finality and in efficient administration. Todd & Co., Inc. v. S.E.C., 637 F.2d 154, 156

(3d Cir. 1980).' " Hayman Cash Register Co. v. Sarokin 669 F.2d 162, 165 (3d Cir.

1981).  It is clear that "[t]he ... doctrine does not restrict a court's power but rather

governs its exercise of discretion." In re Pharmacy Benefit Managers Antitrust

Litigation, 582 F.3d 432, 439 (3d Cir.2009)(reversing arbitration order in antitrust

case on law-of-the-case grounds) (quoting, Pub. Interest Research Group of NJ, Inc.

v. Magnesium Elektron Inc., 123 F.3d 111, 116 (3d Cir.1997)) (citations omitted). In

exercising that discretion, however, courts should "be loathe to [ignore prior rulings]

in the absence of extraordinary circumstances such as where the initial decision was

clearly erroneous and would make a manifest injustice." Id.,( quoting Christianson

v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988)).

Such deference to the prior rulings of the trial court is particularly appropriate

here, where we are invited to rule on a motion *in limine*. Parties often invite courts to

make pre-trial rulings on issues of competence, relevance and admissibility through

motions *in limine*. The United States Court of Appeals for the Third Circuit has

cautioned us, however, that "pretrial [rulings regarding evidentiary] exclusions should

rarely be granted. . . . Excluding evidence as being more prejudicial than probative

at the pretrial stage is an extreme measure that is rarely necessary, because no harm is done by admitting it at that stage." In re Paoli R. Yard PCB Litig., 916 F.2d 829, 859 (3d Cir. 1990); see also Spain v. Gallegos, 26 F.3d 439, 453 (3d Cir. 1994). Moreover, in this regard we are advised that "[p]recipitous [*in limine*] determinations, before the challenging party has had an opportunity to develop the record, are . . . unfair and improper." In re Paoli R. Yard PCB Litig., 916 F.2d at 859. However, "[a] trial court is afforded substantial discretion when striking a . . . balance with respect to proffered evidence, and a trial judge's decision to admit or exclude evidence . . . may not be reversed unless it is arbitrary and irrational." McKenna v. City of Philadelphia, 582 F.3d 447, 461 (3d Cir. 2009).

This case aptly illustrates why caution is appropriate in this field. In this motion, E.N. seeks spoliation sanctions, including a spoliation inference instruction at trial, as a penalty for what she alleges was the deliberate destruction of records. In response, the defendants hotly contest that any improper, culpable spoliation of evidence has occurred. On these facts, Judge Conner has quite prudently declined to consider this motion at present. A spoliation sanction in the form of a spoliation inference instruction is essentially an evidentiary ruling. Evidentiary rulings, including rulings regarding whether a spoliation inference is appropriate, rest in the sound discretion of the court. Ward v. Lamanna, 334 F. App'x 487, 492 (3d. Cir.

2009). That discretion is guided, however, by settled legal tenets, tenets which define

both the fundamental nature of spoliation and the appropriate sanctions for acts of

spoliation.  "Spoliation is the destruction or significant alteration of evidence, or the

failure to preserve property for another's use as evidence in pending or reasonably

foreseeable litigation. <u>Mosaid Techs., Inc. v. Samsung Elecs. Co., Ltd.</u>, 348 F. Supp.

2d 332, 335 (D.N.J.2004)."  <u>Fortune v. Bitner.</u> No. 01-111, 2006 WL 839346, *1

(M.D. Pa. March 29, 2006); <u>see</u> <u>Ogin v. Ahmed</u>, 563 F. Supp. 2d. 539, 542 (M.D.

Pa. 2008). In assessing a spoliation claim:

> [R]elevant authority requires that four (4) factors be satisfied for the rule
> permitting an adverse inference instruction to apply: 1) the evidence in
> question must be within the party's control; 2) it must appear that there
> has been actual suppression or withholding of the evidence; 3) the
> evidence destroyed or withheld was relevant to claims or defenses; and
> 4) it was reasonably foreseeable that the evidence would later be
> discoverable. <u>Mosaid</u>, 348 F. Supp. 2d at 336  <u>citing Brewer</u>, 72 F.3d at
> 334; <u>Scott v. IBM Corp.</u>, 196 F.R.D. 233, 248-50 (D.N.J.2000); <u>Veloso
> v. Western Bedding Supply Co.</u>, 281 F. Supp. 2d 743, 746 (D.N.J.2003).
> Additionally, the United States District Court for the District of New
> Jersey recognized: "While a litigant is under no duty to keep or retain
> every document in its possession, even in advance of litigation, it is
> under a duty to preserve what it knows, or reasonably should know, will
> likely be requested in reasonably foreseeable litigation." <u>Mosaid</u>, 348 F.
> Supp. 2d at 336  (<u>quoting Scott</u>, 196 F.R.D. at 249).

<u>Ogin,</u>563 F.Supp.2d at 543.

Thus, "[a] party which reasonably anticipates litigation has an affirmative duty to

preserve relevant evidence. <u>Baliotis v. McNeil</u>, 870 F. Supp. 1285, 1290 (M.D.

Pa. 1994). Where evidence is destroyed, sanctions may be appropriate, including the outright dismissal of claims, the exclusion of countervailing evidence, or a jury instruction on the 'spoliation inference.' This inference permits the jury to assume that 'the destroyed evidence would have been unfavorable to the position of the offending party.' Schmid v. Milwaukee Elec. Tool Corp., 13 F.3d 76, 78 (3d Cir.1994)." Howell v. Maytag, 168 F.R.D. 502, 505 (M.D. Pa. 1996)

If the court finds that there is a culpable destruction or spoliation of evidence, the question then becomes determining the appropriate sanction for this act of spoliation. In this respect:

> The United States Court of Appeals for the Third Circuit has applied three (3) key considerations to determine whether a sanction for spoliation of evidence is appropriate. Schmid, 13 F.3d at 79. The considerations are: 1) the degree of fault of the party who altered or destroyed the evidence; 2) the degree of prejudice suffered by the opposing party; and 3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future. Id. When appropriate, a court may impose any potential sanction including: 1) dismissal of a claim or granting judgment in favor of a prejudiced party; 2) suppression of evidence; 3) an adverse inference, referred to as the spoliation inference; 4) fines; and 5) attorneys' fees and costs. Mosaid, 348 F.Supp.2d at 335.

Ogin, 563 F.Supp.2d at 545.

Many of the considerations which guide whether a spoliation sanction is appropriate are factual matters that are best determined in the context of trial ruling, after dispositive motions are resolved. Therefore, to the extent that E.N. seeks a spoliation inference instruction at trial, her entitlement to this instruction may well turn on the precise nature of the proof at trial, and the credibility of various witnesses.

Recognizing this fact, we believe that the district court has prudently concluded that this issue should be deferred to a time closer to trial since the United States Court of Appeals for the Third Circuit has cautioned us that "pretrial [rulings regarding evidentiary questions] should rarely be granted. . . ." In re Paoli R. Yard PCB Litig., 916 F.2d 829, 859 (3d Cir. 1990); see also Spain v. Gallegos, 26 F.3d 439, 453 (3d Cir. 1994) (noting that the Third Circuit's "cautious approach to Rule 403 exclusions at the pretrial stage . . . ."). Given that Judge Conner has chosen to defer ruling on this matter, and appellate case law cautions against pre-trial resolution of evidentiary matters like the spoliation inference E.N. seeks at trial, we conclude that the appropriate course here is to deny this request that we find that spoliation sanctions are warranted here, without prejudice to the parties renewing this request at the appropriate time, as determined by the trial judge, Judge Conner.

### III.   <u>Conclusion</u>

Accordingly, for the foregoing reasons, we will deny the parties' request that we rule upon this motion *in limine*, a motion that Judge Conner has specifically deferred acting upon until after the summary judgment motion in this case is resolved. We enter this order, however, without prejudice to the renewal of this matter once the district court deems consideration of the motion to be appropriate.

So ordered this 14th day of July, 2011.

<u>***S/Martin C.  Carlson***</u>
Martin C. Carlson
United States Magistrate Judge