# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| E.N., | : |
| | : |
| Plaintiff | : Civil No. 1:09-CV-1727 |
| | : |
| v. | : (Judge Conner) |
| | : |
| SUSQUEHANNA TOWNSHIP | : (Magistrate Judge Carlson) |
| SCHOOL DISTRICT, et al., | : |
| | : |
| Defendants | : |

## MEMORANDUM OPINION AND ORDER

### I.    INTRODUCTION

Now pending in this action is Defendants' "Motion for Reconsideration, In Camera Inspection and Entry of Protective Order." (Doc. 131.) In the motion, Defendants urge the Court to reconsider its order issued on June 29, 2011, directing them to furnish Plaintiff with a copy of the report that Dr. Joseph A. Buzogany, M.D. of Wellspan Behavioral Health prepared following his psychiatric examination and testing of the Plaintiff in this case, which was conducted pursuant to Rule 35(a) of the Federal Rules of Civil Procedure. (Doc. 126.) In the order, the Court rejected Defendants' various arguments that they were not obligated to provide this report to Plaintiff, on the asserted grounds that: the request for the report was untimely because it was made outside the discovery period; that the psychological evaluation was not performed pursuant to a Court order; that Rule 26(b)(4)(D) of the Federal Rules of

Civil Procedure operates to protect Dr. Buzogany's report from disclosure; and that regardless of whether E.N.'s examination was conducted pursuant to Rule 35, Dr. Buzogany did not prepare what Defendants refer to as a "final" report, and therefore there is no report available to be produced. Because we found Defendants' legal arguments to be simply wrong, and because we found that Dr. Buzogany's report must be produced to E.N. pursuant to the plain terms of Rule 35(b)(1), we entered an order directing Defendants to produce a copy of Dr. Buzogany's report.

Defendants have now returned to the Court seeking reconsideration of this discovery ruling, arguing that reconsideration is necessary to correct a clear error of law or prevent a manifest injustice. Because we continue to find that Defendants are wrong about the application of Rules 26 and 35 to this discovery dispute, and because we find it clear that Rule 35(b) requires the disclosure of Dr. Buzogany's report, and that the Court has the authority to require that the report be produced, we will deny Defendants' motion for reconsideration.

However, in considering Defendants' motion, we have examined the initial report that Dr. Buzogany furnished to Defendants following his examination of E.N. As an initial matter, we observe that Dr. Buzogany's report is a 15-page document that does not appear in any way to have been provided to Defendants as a mere "draft" of Dr. Buzogany's findings, but instead presents as a complete overview of

Dr. Buzogany's examination and his conclusions. At the same time, we also find that Dr. Buzogany's report goes beyond an examination of E.N. under Rule 35, contains a variety of written material and observations that are entirely extraneous to his psychiatric examination of E.N., and thus fall outside of the information required to be produced under Rule 35(b). We thus agree with Defendants that redaction of Dr. Buzogany's report is necessary to excise the extraneous material that is beyond the scope of E.N.'s Rule 35 examination. We therefore will permit Defendants to produce a copy of Dr. Buzogany's report that is redacted in identical fashion to the redacted version Defendants submitted to the Court under cover of a letter dated July 15, 2011, as Exhibit 2 to their motion.

## II.  DISCUSSION

The legal standards that govern motions for reconsideration of prior court rulings are both clear and clearly compelling. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Typically, such a motion should only be granted in three narrowly defined circumstances, where a court finds: (1) that there has been an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a need to correct a clear error of law or prevent manifest injustice. Howard Hess

Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 251 (3d Cir. 2010) (citing Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).

In consideration of this narrow standard, it is well-settled that a mere disagreement with the court does not translate into the type of clear error of law which justifies reconsideration of a ruling. Dodge v. Susquehanna Univ., 796 F. Supp. 829, 830 (M.D. Pa. 1992). Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995). Moreover, a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court. Dodge, 796 F. Supp. at 830.

In this case, Defendants urge the Court to reconsider its prior ruling on the basis that the Court either misapplied controlling law, or otherwise "overlooked some dispositive factual or legal matter that was presented to it." (Doc. 132, at 3) (quoting In re Telfair, 745 F. Supp. 2d 536, 561 (D.N.J. 2010).) Defendants note that they "devoted a separate heading and an approximately five-page section of their brief" to arguing that Rule 26(b)(4)(B)'s exclusion of draft expert reports from disclosure governs this discovery dispute, and they complain that the Court unreasonably failed to address this argument. We will dispose of this argument quickly. The Court did

4

not address Defendants' "substantial analysis and arguments," (Doc. 132, at 5), because the Court found, and continues to find, that Rule 35(b)(1) of the Federal Rules of Civil Procedure – not Rule 26(b)(4)(B) – governs resolution of this dispute, which involves a report prepared by a psychiatrist setting forth his findings and conclusions reached following a psychiatric examination of E.N. that was ordered pursuant to Rule 35(a).

First, a word about Rule 26(b)(4)(B). By its plain terms, the rule is designed to prevent a party from discovering the draft reports of an expert whose opinions may be presented at trial. Fed. R. Civ. P. 26(b)(4)(B). Moreover, the rule "protect[s] drafts of any report or disclosure *required under Rule 26(a)(2)*, regardless of the form in which the draft is recorded." Id. (emphasis added). Rule 26(a)(2)(B), in turn, requires that a witness who is retained or employed to render expert testimony must produce a detailed written report, prepared and signed by the witness, setting forth, *inter alia* the witness's opinions and the basis therefor. Fed. R. Civ. P. 26(a)(2)(B). Thus, Rule 26(b)(4)(B) operates to prevent a party from discovering drafts of the report that a testifying expert must produce under Rule 26(a)(2). This rule is not applicable to Dr. Buzogany's report.

What Defendants are attempting to do is to have Dr. Buzogany's report summarizing his findings from E.N.'s psychiatric evaluation declared a mere "draft"

under Rule 26(b)(4)(B) in order to shield it entirely from disclosure. But we find that Rule 26(b)(4)(B) simply has no application to this expert, or to the report that he prepared. Defendants have acknowledged that they do not intend to call Dr. Buzogany to testify as an expert witness in this case. Accordingly, Dr. Buzogany is not required by Rule 26(a)(2)(B) to produce a report summarizing his findings from E.N.'s evaluation, and there is thus no "draft" of such a report that needs to be protected from disclosure. We submit that Defendants' insistence that Rule 26(b)(4)(B) has any application to this particular discovery dispute – much less that it controls its outcome – is simply misplaced.

We recognize that Rule 26(b)(4)(D) also provides that a party ordinarily may not through interrogatories or depositions discover facts known or opinions held by an expert who has been retained by another party only for trial preparation, and who is not expected to be called as a witness at trial. Fed. R. Civ. P. 26(b)(4)(D). However, even assuming that this rule applied to Dr. Buzogany, who is now not expected to testify at trial, the rule expressly provides that a party may discover facts known or opinions held by such an expert "as provided in Rule 35(b)." Fed. R. Civ. P. 26(b)(4)(D)(I).

Rule 35(b)(1) provides, in relevant part, that "[t]he party who moved for the [mental or physical] examination must, on request, deliver to the requester a copy of

the examiner's report, together with like reports of all earlier examinations of the same condition." Fed. R. Civ. P. 35(b)(1). We find the text of this rule to be clear, and we find its application to Dr. Buzogany's report to be obvious. Pursuant to Rule 35(b)(1), Defendants are obligated to produce to Plaintiff a copy of Dr. Buzogany's report that he prepared following his psychiatric examination of E.N. – an examination that was performed pursuant to Rule 35(a). Thus, in summary, we find Defendants' insistence that Rule 26(b)(4)(B) governs this dispute is incorrect as a matter of law. Instead, we remain unmoved from our initial finding that Rule 35(b)(1) provides E.N. with a clear right to obtain a copy of Dr. Buzogany's psychiatric report, and we thus will deny Defendants' motion insofar as it seeks reconsideration of our prior order.

However, although we continue to find that Dr. Buzogany's report must be disclosed, upon reviewing the report *in camera*, we agree with Defendants that the report contains a number of statements, comments, and observations that are plainly extraneous to Dr. Buzogany's psychiatric evaluation of E.N., and are therefore irrelevant to the examination and its results. We agree with Defendants that Plaintiff is not entitled to discover this information under Rule 35(b), and that Dr. Buzogany's report should be redacted to ensure that this information is not produced to Plaintiff. We will not describe the extraneous information in this order, but note only that the

material falls well outside of Dr. Buzogany's examination of E.N., and thus we agree that Plaintiffs have no right to obtain this extraneous material under Rule 35. Furthermore, we observe that courts may, when necessary, authorize the disclosure of a redacted report that excises those portions falling outside of that required to be produced under Rule 35(b). See, e.g., Brousseau v. Postmaster General, 209 F.R.D. 293, 295 (D. Conn. 2002); Chastain v. Evennou, 35 F.R.D. 350, 353 (D. Utah 1964). We will follow that course here, and will order Defendants to produce to Plaintiff a redacted copy of Dr. Buzogany's report that is identical to the redacted report provided to the Court under cover of a letter dated July 15, 2011, and identified as Exhibit 2 to Defendants' motion seeking reconsideration.[1]

### III. ORDER

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED THAT Defendants' motion for reconsideration, in camera inspection and entry of protective order (Doc. 131) is GRANTED in part and DENIED in part as follows:

1. The motion is DENIED insofar as it seeks reconsideration of the Court's prior order (Doc. 126) requiring Defendants to produce a copy of Dr. Buzogany's report to Plaintiff pursuant to Rule 35(b).

---

[1] We note that Defendants first provided the Court with a redacted copy of the report on July 13, 2011, and later provided a different redacted copy of the report on July 15, 2011, which contained corrections. We will direct that Defendants provide Plaintiff with a copy of the redacted report identical to that provided to the Court on July 15, 2011.

8

2.  The motion is GRANTED insofar as it seeks permission to produce a redacted copy of Dr. Buzogany's report to excise extraneous material not required to be produced pursuant to Rule 35(b). Within five days from the date of this order, Defendants shall produce a copy Dr. Buzogany's redacted report that is identical to the redacted copy Defendants provided to the Court for *in camera* review on July 15, 2011.

                                                        /s/ Martin C. Carlson
                                                        Martin C. Carlson
                                                        United States Magistrate Judge

Dated: July 26, 2011